THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT LOUIS STANTON, Defendant-Appellant.

(No. 69-73;

Fifth District—April 12, 1972.

Paul Bradley, of Defender Project, of Mt. Vernon, (Kenneth L. Jones, of counsel,) for appellant.

R. W. Griffith, State's Attorney, of Edwardsville, for the People.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant was convicted of burglary (Ill. Rev. Stat., ch. 38, par. 19—1) in a jury trial in Madison County, Illinois, and sentenced to a minimum of 10 and a maximum of 20 years in the Illinois State Penitentiary.

Defendant was apprehended by two Madison County Deputy Sheriffs in the Mellville Dairy Store in Godfrey, Illinois in the early morning hours of July 1, 1968, in possession of a roll of bills bound by a rubberband, amounting to approximately $84. One of the night clerks at the store testified that after closing she placed some money in the left-hand drawer of a desk and rolled it in a rubber band. The owner of the dairy testified that a check of the night's receipts revealed that $87.44 was missing.

Defendant claims that the State committed reversible error in cross-examining him on prior convictions and in commenting on his prior convictions in its argument to the jury and that the State failed to prove him guilty of the crime charged in the indictment.

We find defendant's contentions to be without merit; that no error of law appears in the trial of the case; that an opinion would have no precedential value and that the evidence in this case is not so unsatisfactory as to leave a reasonable doubt as to defendant's guilt.

Therefore, in compliance with Supreme Court Rule 23, we affirm the judgment of the trial court of Madison County finding the defendant guilty of burglary.

Defendant also contends that his sentence was excessive. His criminal record commenced in 1942 and included four prior sentences for burglary. The trial judge must have believed that the defendant's prior record was such that it negated the possibility of rehabilitation. However, even though the chances of defendant's rehabilitation seem doubtful, we believe that a minimum sentence should have been imposed which would still recognize the possibility of rehabilitation.

For the reasons given, defendant's conviction of the crime of burglary is affirmed and defendant's sentence is reduced to a minimum of five years and a maximum of 15 years in the Illinois State Penitentiary. As modified the judgment of the Circuit Court of Madison County is affirmed.

Judgment modified and affirmed.

EBERSPACHER, P. J., and CREBS, J., concur.